IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ANDREW J. ZEIGLER, JR., )
)
    Plaintiff, )
)
)
v. ) Civil Action No. 1:19-cv-1226
)
)
NCC PS ENTERPRISES, LLC, )
ET AL., )
)
    Defendants. )

### MEMORANDUM OPINION

THIS MATTER comes before the Court on a Motion for Summary Judgment by Defendants NCC PS Enterprises ("NCC"), Lakota Hotels & Resorts, LLC ("Lakota"), and Stoneleigh Asset, LLC ("Stoneleigh") (collectively "Defendants"), pursuant to Fed. R. Civ. P. 56.

On October 16, 2017, Plaintiff, Colonel Andrew Zeigler, slipped while walking down a staircase at the National Conference Center, owned and operated by Defendant NCC. As a result of the fall, Plaintiff was injured. Plaintiff now sues the Defendants, alleging that the Defendants failed to maintain the staircase in a safe condition. The material facts of the case are not genuinely disputed.

The stairs at the National Conference Center are thirteen feet wide with handrails on either side. Carpet covers the stairs on all parts except for the outer edge, which is covered by a plastic nosing. While walking down this staircase, Plaintiff felt his foot catch on something at the bottom of the stairway, causing him to trip and fall. Plaintiff did not see anything on the stairs prior to falling. After the fall, Plaintiff observed the staircase, but, at that time, Plaintiff was unable to determine what caused him to stumble.

Approximately one week later, he returned to the staircase and noticed a crack in the plastic nosing on one of the stairs near where he fell. Plaintiff relies on expert reports to argue that the condition of the nosing violates building codes and that these violations created an unsafe condition. Plaintiff also produced expert testimony that the lack of a center handrail and the dim lighting on the staircase contributed to the unsafe condition of the staircase. The parties disagree on whether the condition of the staircase is safe, but for purposes of deciding this motion, the dispute is immaterial.

While relying on expert reports concerning the safety of the staircase as it was after the incident, the Plaintiff failed to produce any evidence showing that the crack existed at the time of the Plaintiff's fall. Additionally, the Plaintiff failed to produce evidence that Defendants had either actual or constructive

2

notice of the dangerous condition of the staircase. Accepting for purposes of this motion that the staircase was in a dangerous condition after the incident, Defendants argue that the Plaintiff has not produced evidence from which a reasonable jury could find that the Defendants had actual or constructive notice of the dangerous condition at the time of the accident.

Under Federal Rule of Civil Procedure 56, a court should grant summary judgment if the pleadings and evidence show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made, the opposing party has the burden to show that a genuine dispute of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Discovery is now closed and this Court finds this case is ripe for summary judgment.

In Virginia, negligence claims include as an element that the defendant owed a duty of care to the plaintiff. Yuzefovsky v. St. John's Wood Apts., 540 S.E.2d 134, 139 (Va. 2001). Owners of premises, or those who take on the duties of an owner, generally owe a duty of care to invitees on the premises. See

3

Fobbs v. Webb Bldg. Ltd. P'ship, 349 S.E.2d 355, 357 (Va. 1986). Those who do not own or operate the premises have no relationship, and thus no duty, to the invitees. Quisenberry v. Record No. 171494 Huntington Ingalls, Inc., 401 S.E.2d 878, 882 (Va. 2018). Since the record shows no evidence that Defendants Lakota Hotels & Resorts, LLC and Stoneleigh Asset, LLC owned or operated the premises on the date of the Plaintiff's accident, neither can be held liable to the Plaintiff for negligent care of the premises.

Even if Lakota and Stoneleigh were responsible for the care of the premises, summary judgment is granted for all Defendants because a reasonable jury could not find that the Defendants had notice of any unsafe condition on the premises.

To establish a claim of premises liability, "an injured invitee must show that the owner had knowledge, actual or constructive, that a defect existed and that such defect created an unsafe condition." Roll 'R' Way Rinks, Inc. v. Smith, 237 S.E.2d 157, 161 (Va. 1977). Plaintiffs need not show actual knowledge of a defect to prove the defendant's negligence, constructive knowledge meets the requirement. Memco Stores v. Yeatman, 348 S.E.2d 228, 231 (Va. 1986). Constructive knowledge of a defect is shown, "[i]f an ordinarily prudent person, given the facts and circumstances [that the defendant] knew or should have known, could have foreseen the risk of danger resulting from such circumstances,

[then the defendant] had a duty to exercise reasonable care to avoid the genesis of the danger." Id. Regardless of how notice is shown, the element is indispensable to premises liability cases. Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 453-54 (4th Cir. 2000); Grim v. Rahe, Inc., 434 S.E.2d 888, 889 (Va. 1993). The dispositive issue before the Court on Defendants' motion for summary judgment is whether there is evidence that the crack in the nosing existed for a sufficient period of time such that Defendants may be charged with "constructive notice" of its existence.

In Winn-Dixie Stores, Inc. v. Parker, the plaintiff slipped and fell on a green bean laying on the floor of the defendant's grocery store. 396 S.E.2d 649, 649-50 (Va. 1990). The plaintiff urged the court to find constructive notice on the part of the defendant because "various items of food, for whatever reason, end up on the floors of grocery stores." Id. at 651. The plaintiff argued that since the store knew that beans could foreseeably find their way onto the floor, the store had constructive notice of the dangerous condition. Id. The Virginia Supreme Court rejected this argument, stating that the plaintiff needed to provide more than a bare legal conclusion. Id. It was not enough to say that since the bean was on the floor, the defendant must have placed it there. Id. Since the plaintiff could not prove from the record that the

defendant had notice of the bean on the floor, summary judgment was granted for the defendant.

In the present case, plaintiff has failed to produce evidence to support a jury finding that the unsafe condition existed at the time of the incident. "Where there is no evidence of actual knowledge . . . if the evidence fails to show when a defect occurred on the premises, the plaintiff has not made out a prima facie case." Cerquera v. Supervalue, Inc., 715 F. Supp. 2d 682, 686 (E.D. Va. 2010) (citing Grim v. Rahe, Inc., 434 S.E.2d 888, 890 (Va. 1933)). Plaintiff cannot show that the crack in the nosing existed for a sufficient amount of time for NCC to discover the defect. Plaintiff never saw the crack in the nosing prior to his fall. Plaintiff also never saw the crack during the fall or immediately after, even though he looked at the stair to determine what caused him to trip. It was not until a week later that Plaintiff observed the crack in the nosing of the stair and determined that the crack must have caused his injury. The evidence does not show when the crack in the nosing formed or how long the crack existed. To assume that the Defendants caused the crack through their actions would ignore the likelihood that the crack was caused by guests at the conference center, the plaintiff himself, or some other outside force outside the awareness of the Defendants. Since, based on the evidence, each of these inferences is equally likely, a jury could

6

not reasonably find that the defendants either caused the crack or had notice of the dangerous condition.

This case can be disposed of by repeating what the Virginia Supreme Court said in Pulley and in Winn Dixie, "There is no evidence in this case that [NCC] knew of the presence of the [crack] on the [stair], nor is there any showing of the length of time it may have been there. It is just as logical to assume that it [formed] on the [stair] an instant before [Zeigler] struck it as it is to infer that it had been there long enough that [NCC] should, in the exercise of reasonable care, have known about it." Winn-Dixie, 396 S.E.2d at 651 (quoting Colonial Stores, Inc. v. Pulley, 125 S.E.2d 188, 190 (Va. 1962)).

The record does not allow for a reasonable inference about when the crack formed, how long the crack existed prior to the accident, or that the Defendants had notice of an unsafe condition.

This same reasoning holds true for Plaintiff's other claims concerning the lack of a center handrail and the lack of adequate lighting. Plaintiff relies purely on speculation as to whether a center handrail or brighter lighting would have prevented him from stumbling. Plaintiff even stated that he did not feel the need for handrail assistance while walking down the steps. The record does not provide any evidence from which a jury could find that the accident would not have occurred, but for the lack of a center handrail and brighter lights. Furthermore, the record does not

7

contain evidence of the lighting at the time of the accident. The record does not provide a sufficient basis from which a jury could determine that either the lighting or the lack of a center handrail proximately caused the Plaintiff's injuries.

For the forgoing reasons, the Court finds that the Defendants are entitled to summary judgment. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
~~June ___, 2020~~
Aug. 18, 2020